

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NATHANIEL P. KNOX,

    Petitioner,

v.

    Civil No. 05-CV-72237-DT
    HONORABLE LAWRENCE P. ZATKOFF
    UNITED STATES DISTRICT JUDGE

JOHN S. RUBITSCHUN,

    Respondent,
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

    This matter is before the Court on a petition for writ of habeas corpus brought by Nathaniel P. Knox, ("petitioner"), presently confined at the Parnall Correctional Facility in Jackson, Michigan. In his *pro se* application, petitioner seeks the issuance of a writ of a habeas corpus pursuant to 28 U.S.C. § 2254, challenging the Michigan Parole Board's decision to rescind petitioner's release on parole on his conviction for felonious assault, M.C.L.A. 750.82; M.S.A. 28.277. For the reasons stated below, petitioner's application for writ of habeas corpus is DENIED.

### I. BACKGROUND

    Petitioner was convicted of the above offense following a jury trial in the Lapeer County Circuit Court and was sentenced to two to eight years in prison. Petitioner was scheduled to be paroled on May 4, 2004, but the Michigan Parole Board rescinded petitioner's parole. Petitioner claims that his Fourteenth Amendment due process rights were violated, because the Michigan Parole Board rescinded his parole without first interviewing petitioner. Petitioner also claims that he was not provided with the information that was used by the Parole Board to rescind his parole.

## II. **DISCUSSION**

The petition for writ of habeas corpus must be dismissed because petitioner has failed to allege any facts showing that he is being detained in violation of the United States Constitution.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *See Allen v. Perini*, 424 F. 2d 134, 141 (6th Cir. 1970). After undertaking the review required by Rule 4, this Court concludes that petitioner's habeas claim is meritless, such that the petition must be summarily denied. *See Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

There is no constitutional right of a convicted person to be conditionally released before the expiration of a valid sentence. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *See also Board of Pardons v. Allen*, 482 U.S. 369, 377, n. 8 (1987)(a state has no duty to establish a parole system or to provide parole for all categories of convicted persons and the state may place conditions on parole release). Stated more succinctly, there is no federal constitutional right to be paroled. *See Gavin v. Wells*, 914 F. 2d 97, 98 (6th Cir. 1990); *Lee*

2

*v. Withrow*, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999). The denial of parole and the continued incarceration of a prisoner does not therefore constitute a violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment to the U.S. Constitution. *Lee*, 76 F. Supp. 2d at 792.

In Michigan, a prisoner's release on parole is discretionary with the parole board. *Lee v. Withrow*, 76 F. Supp. 2d at 792 (citing to *In Re Parole of Johnson*, 235 Mich. App. 21; 596 N. W. 2d 202, 204 (1999)). The Michigan parole statute therefore does not create a right to be paroled. *Id.; See also Hurst v. Department of Corrections Parole Bd.*, 119 Mich. App. 25, 29, 325 N.W.2d 615 (1982). Because the Michigan Parole Board has the discretion whether to grant parole, a defendant does not have a protected liberty interest in being paroled prior to the expiration of his sentence. *See Canales v. Gabry*, 844 F. Supp. 1167, 1171 (E.D. Mich. 1994); *Hurst*, 119 Mich. App. at 28.

Additionally, M.C.L.A. 791.236(2) indicates that: "[A] parole order may be amended or rescinded at the discretion of the parole board for cause." There is nothing in the Michigan statutes or regulations which limits the Michigan Parole Board's discretion during the period between the announcement of an inmate's parole date and that inmate's actual release on parole. *See Hughes v. White*, 2003 WL 21911216, * 3 (E.D. Mich. July 30, 2003). In this case, although petitioner had been informed that he was going to be paroled, his expectation that he would be paroled was not a liberty interest that would be protected by the Due Process Clause. *See Jago v. Van Duren*, 454 U.S. 14, 17 (1981). Because the Michigan Parole Board chose to rescind petitioner's parole prior to his release from prison, the Parole Board did not violate petitioner's due process rights by rescinding his parole without first conducting a hearing. *Id.* at 21; *See also Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F. 2d 233, 235-36 (6th Cir. 1991). *McCoy v. Grayson*, 2001 WL

3

### III. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is

**DENIED WITH PREJUDICE.**

_____
HON. LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

DATED: